# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LEONARD LOVATO, MARY LOVATO,
and MONICA LOVATO,

        Plaintiffs,

      vs.                                  No. CIV 99-869 LH/WWD

CRAWFORD & COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER OF REMAND

**THIS MATTER** comes before the Court *sua sponte*, following its review of Defendant's Notice of Removal, filed August 4, 1999. Having reviewed the pleadings filed in this case as well as the applicable law, the Court concludes that it lacks subject matter jurisdiction and must remand this case to the First Judicial District Court, County of Santa Fe, State of New Mexico.

### Background

On July 6, 1999, Plaintiffs filed their Complaint in the First Judicial District Court, County of Santa Fe, State of New Mexico, asserting claims for damages for loss of personal property and loss of enjoyment of life. Plaintiffs requested damages in an unspecified amount to be determined at trial. Nowhere in the Complaint do Plaintiffs quantify their request for damages.

On August 4, 1999, Defendant filed its Notice of Removal under 28 U.S.C. §§ 1441(a), 1446(a) and 1332(a). The Notice of Removal states that the matter in controversy exceeds $75,000

and is between citizens of different states.  Pursuant to the requirements of *Laughlin v. Kmart Corp.,*

50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863 (1995), Defendant states the following

as its factual basis upon which it relies in support of this Court's diversity jurisdiction:

> The Complaint for Damages does not contain a monetary prayer for relief.
> However, Plaintiffs have executed a document entitled Sworn Statement in Proof of
> Loss in which they allege that the actual cash value of the property which is the
> subject of the Complaint for Damages is in the amount of $125,505.46.  (Exhibit
> "A").

(Not. Removal ¶3).

The referenced Exhibit A is entitled "Sworn Statement in Proof of Loss" and is signed by

Plaintiffs Leonard Lovato and Mary Lovato.  The sworn statement indicates California Casualty

Group insured Plaintiffs Leonard Lovato and Mary Lovato against loss by fire to property described

under Schedule A.  The sworn statement also states that the actual cash value loss of the property

described by the policy is $125,505.46.  Schedule A is not attached to the Notice of Removal, it is

not attached to the Complaint, nor is it anywhere in the record before the Court.

**Legal Standard**

The Federal Rules of Civil Procedure direct that "[w]henever it appears by suggestion of the

parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the

action." *Tuck v. United Services Automobile Ass'n,* 859 F.2d 842, 844 (10th Cir. 1988), *cert. denied*,

489 U.S. 1080 (1989)(quoting FED. R. CIV. P. 12(h)(3)).  Because federal courts are courts of limited

jurisdiction, the party invoking federal jurisdiction bears the burden of proof with a presumption

against federal jurisdiction.  *Id.*  Courts must look to the face of the removal petition in order to

decide whether a party has adequately alleged facts sufficient to confer federal diversity jurisdiction.

*Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).  As in this case, where the complaint

does not demand a dollar amount, the removing defendant bears the burden of setting forth, in the notice of removal itself, the underlying facts supporting the assertion that the amount in controversy exceeds $75,000. *Green v. Harsco Corp.*, 215 F.3d 1336 (10th Cir. 2000)(quoting *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995)).

## Discussion

The Court must determine whether Defendant has met its burden to establish that removal was properly accomplished in this case. The Court first examines the allegations of the Complaint. *See Whitelock v. Leatherman,* 460 F.2d at 514 (a federal court's jurisdiction must clearly appear from the face of a complaint or removal petition). As set forth above, it is clear that Plaintiffs' Complaint, on its face does not establish that the amount in controversy is greater than $75,000. This Complaint is vague concerning the damages sought and simply asks for damages to be determined at trial.

The Court next evaluates the sufficiency of allegations in the Notice of Removal. Given the inadequacy of the allegations in the Complaint, Defendant must, in the notice of removal itself, set forth the underlying facts supporting the assertion that the amount in controversy exceeds $75,000. *See Laughlin*, 50 F.3d at 873.

The facts set forth in the Notice of Removal itself do not establish that the amount in controversy exceeds $75,000. Defendant's allegation of the amount in controversy, as contained in the Notice of Removal, is erroneous. Contrary to this allegation, Plaintiffs' sworn statement, attached to the Notice of Removal, does <u>not</u> allege that the actual cash value of the property which is the subject of the Complaint is $125,505.46. Plaintiffs' sworn statement only indicates that actual cash value loss of the property described in Schedule A is $125,505.46. Schedule A is not attached to the

-3-

Notice of Removal, it is not attached to the Complaint, nor is it anywhere in the record before the Court. Consequently, there is no way for the Court to determine whether the amount of loss referred to in Plaintiffs' sworn statement relates in any way to the claims contained in the Complaint.

The Court also notes that Plaintiffs' Answer to Interrogatory No. 10 (attached as Exhibit B to Defendant's Memorandum in Support of Motion for Summary Judgment on Plaintiffs' Claim for Emotional Distress Damages (Doc. No. 26), filed September 8, 2000) states:

> This case is mostly about extra-contractual damages. California Casualty paid the limits provided by the contracts we had with them, but the value of the contents of our home lost in the fire of July 8, 1996, far exceeded in value what we received. We haven't finished calculating it.

This Answer suggests that the Sworn Statement of Proof of Loss is unrelated to the damages sought in the Complaint.

As such, Defendant has failed to set forth sufficient underlying facts to support its assertion that the amount in controversy exceeds $75,000. The Court concludes that it does not have diversity jurisdiction over this case. As noted above, there is a presumption against removal jurisdiction. Pursuant to the foregoing, the Court finds that Defendant has not overcome that presumption in this case.

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction in a case removed from state court, the case shall be remanded. 28 U.S.C. § 1447(c). Having reviewed the pleadings filed in this case as well as the applicable law, the Court concludes that it lacks subject matter jurisdiction and must remand this case to the First Judicial District Court, County of Santa Fe, State of New Mexico.

**IT IS, THEREFORE, ORDERED** that this case is remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

**IT IS ALSO ORDERED** that the motion hearing set for October 31, 2000, the pretrial conference set for November 28, 2000, and the trial set for December 5, 2000, are **vacated.**

_____
**UNITED STATES DISTRICT JUDGE**